```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

TAMMIE L. DOUGLASS and              :
CHESTER A. DOUGLASS,                :
        Plaintiffs,                 :
                                    :
             v.                     :    File No. 1:04-cv-256
                                    :
FLETCHER ALLEN HEALTH CARE, INC.    :
and JOSEPH SCHMOKER, M.D.,          :
Individually,                       :
        Defendants.                 :
_____:
```

### RULING ON DEFENDANTS' MOTION TO DISMISS
(Papers 4 and 17)

Plaintiffs Tammie L. Douglass and Chester A. Douglass bring this diversity action against Fletcher Allen Health Care ("FAHC") and Joseph Schmoker, M.D., seeking damages for negligent medical care.  Defendants move to dismiss the action under Fed. R. Civ. P. 12(b)(2), (4), and (5) for insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction.  Plaintiffs move to enlarge the time for effecting service of process on the defendants.  For the reasons set forth below, defendants' motion to dismiss is DENIED and plaintiffs' motion is GRANTED.

### BACKGROUND

Plaintiffs filed this medical malpractice action on October 1, 2004, five days before the statute of limitations would have run.  On January 28, 2005, 119 days after filing

1

the Complaint, Plaintiff served two summonses to FAHC through its registered agent, Michael J. Hawkins, Esq.[1]  On February 14, 2005, the Court informed legal assistant, Catherine Nguyen, that the summonses were not signed and sealed by the clerk pursuant to Fed. R. Civ. P. 4(b).  See Paper 12 at 2.  The same day, Ms. Nguyen obtained two signed and sealed summonses from the Court for FAHC and Dr. Schmoker and served it on Mr. Hawkins.[2]  Ms. Japhet, his assistant, accepted service and assured the process server she was authorized to accept service for both FAHC and Dr. Schmoker.  Dr. Schmoker does not dispute Ms. Japhet was authorized to accept service for him.

   Plaintiffs again served defendants with signed and sealed summonses and copies of the Complaint on March 9, 2005.  Mr. Hawkins accepted service on behalf of FAHC and assured the process server that Dr. Schmoker's secretary was authorized to accept service on behalf of Dr. Schmoker.  Plaintiffs also served defendants' counsel of record, David J. Spielman, Esq.

_____

   [1] Nancy Japhet, the assistant to Mr. Hawkins, accepted service on behalf of defendant FAHC.  See Paper 12 at 2.

   [2] Service of the signed and sealed summonses was made 136 days after the filing of the plaintiffs' Complaint.

Defendants allege plaintiffs' failure to effect service of a valid summons and complaint upon either FAHC or Dr. Schmoker within 120 days after instituting this action constitutes a failure to confer jurisdiction of the Court over defendants and warrants dismissal of the action.

DISCUSSION

Under the Federal Rules of Civil Procedure, "[i]f the service of the summons and complaint is not made upon the defendant within 120 days after filing of the complaint," the Court may either dismiss the action or extend time for service if good cause is shown by the serving party.  Fed. R. Civ. P. 4(m).  An unsigned, unsealed summons "goes to form rather than substance . . ." and "[a]mendments are liberally allowed as courts should not deny a plaintiff her day in court due to technical imperfections in service." Durant v. Traditional Invest., Ltd., 1990 U.S. Dist. LEXIS 3074, *9-10 (S.D.N.Y. Mar. 22, 1990); see also Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Greenough v. Fletcher Allen Health Care, Mag. Judge's Report and Recommendation, No. 1:04-cv-59 (D. Vt. 11/30/04) (Paper 31 at 6).

In this case plaintiffs failed to properly serve FAHC and Dr. Schmoker within the 120-day period because the summonses were not properly signed and sealed by the Clerk of

this Court. Plaintiffs subsequently served defendants with valid summonses twice: 136 days and 159 days after the filing of the Complaint.

    Defendants argue an extension of time for service, *nunc pro tunc*, will result in prejudice toward them. "Prejudice to the parties is a central factor in determining whether the time for effecting service should be extended." O'Keefe v. St. Lawrence & Atlantic R. Co., 167 F.R.D. 30, 33 (D. Vt. 1996). Defendants do not dispute they had actual notice of plaintiffs' action. See Smith v. Boyer, 442 F. Supp. 62 (W.D.N.Y. 1977) ("In cases where the defendant has received actual notice of the suit and, in particular, notice of the facts upon which the complaint was based, no prejudice would result by allowing an amendment to cure the defects in process"). Defendants' claims for prejudice are unpersuasive because they had notice of the action and were promptly served with signed and sealed summonses after plaintiffs were alerted to their error in service.

    Furthermore, in Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106 (N.D.N.Y. 2001), the Court held:

> Where good cause does not exist, the court, in determining whether to exercise its discretion to extend time for service, considers whether the applicable statute of limitations would bar a re-filed action; whether defendant had actual notice of the claims asserted in the complaint; whether defendant had attempted to conceal a defect in service; and whether defendant would be prejudiced by an extension.

this Court. Plaintiffs subsequently served defendants with valid summonses twice: 136 days and 159 days after the filing of the Complaint.

    Defendants argue an extension of time for service, *nunc pro tunc*, will result in prejudice toward them. "Prejudice to the parties is a central factor in determining whether the time for effecting service should be extended." O'Keefe v. St. Lawrence & Atlantic R. Co., 167 F.R.D. 30, 33 (D. Vt. 1996). Defendants do not dispute they had actual notice of plaintiffs' action. See Smith v. Boyer, 442 F. Supp. 62 (W.D.N.Y. 1977) ("In cases where the defendant has received actual notice of the suit and, in particular, notice of the facts upon which the complaint was based, no prejudice would result by allowing an amendment to cure the defects in process"). Defendants' claims for prejudice are unpersuasive because they had notice of the action and were promptly served with signed and sealed summonses after plaintiffs were alerted to their error in service.

    Furthermore, in Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106 (N.D.N.Y. 2001), the Court held:

> Where good cause does not exist, the court, in determining whether to exercise its discretion to extend time for service, considers whether the applicable statute of limitations would bar a re-filed action; whether defendant had actual notice of the claims asserted in the complaint; whether defendant had attempted to conceal a defect in service; and whether defendant would be prejudiced by an extension.

Coleman, 202 F.R.D. at 110.

In the present matter, the statute of limitations has run, the defendants had actual notice of the claims asserted in the Complaint, and defendants will not be prejudiced by an extension of time. Therefore, extension of time, *nunc pro tunc*, for service of process is justified.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss is DENIED. Plaintiffs' motion to enlarge the time for effecting service until March 9, 2005, is GRANTED *nunc pro tunc*.

SO ORDERED.

Dated at Brattleboro, Vermont, this 5th day of May, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge